UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MARTINA A. MEDINA,<br><br>Plaintiff,<br><br>v.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 7:18-cv-00264<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** MARTINA A. MEDINA ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CONVERGENT OUTSOURCING, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Texas and Defendant conducts business in the Southern District of Texas.

## PARTIES

4. Plaintiff is a natural person residing in the Southern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a third-party debt collector that is in the business of collecting consumer debts for others, including a debt allegedly owed by Plaintiff. Defendant identifies itself as a debt collector. Defendant is headquartered at 800 SW 39th Street, Renton, Washington 98057.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, vendors, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Around March 2018, Plaintiff began receiving calls to her cellular phone, (956) XXX-4273, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 4273. Plaintiff is and always has been financially responsible for this cellular phone and its services.

11. Upon answering calls from Defendant, Plaintiff experienced a significant pause, lasting several seconds in length, before a live representative begins to speak.

12. Plaintiff has never had any business relationship with Defendant nor has she ever given it permission to call her cellular phone.

13. Naturally, Plaintiff was confused as to why Defendant was contacting her.

14. Upon speaking with Defendant, Plaintiff was informed that Defendant is acting as a debt collector attempting to collect upon an allegedly defaulted Green Mountain Energy account in the amount of $260 ("subject debt").

15. Plaintiff immediately demanded that Defendant stop calling her cellular phone.

16. Plaintiff's demand did nothing to stop Defendant's phone harassment campaign.

17. Frustrated by Defendant's continuous calls, Plaintiff *again* demanded that Defendant cease contacting her on her cellular phone.

18. Furthermore, Plaintiff has made outgoing calls to Defendant where she has requested that Defendant stop calling her.

19. Plaintiff has revoked her consent to be called in both English and her native tongue, Spanish.

20. Plaintiff has revoked her consent to be called, in Spanish, to a Spanish speaking representative.

21. Despite Plaintiff's *multiple* demands that the calls cease, Plaintiff continues to receive constant phone calls from Defendant.

22. Plaintiff has received no less than 21 phone calls from Defendant since asking it to stop calling.

23. The phone number Defendant uses most frequently to contact Plaintiff is (210) 526-7816, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

24. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the constant calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though full set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

31. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

    a. **Violations of FDCPA §1692d**

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Specifically, §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant continuously called Plaintiff after being asked to stop placing calls to her cellular phone. Defendant called Plaintiff no less than 21 times after she demanded that Defendant

4

cease placing calls to her cellular phone. This repeated behavior of systematically calling Plaintiff's phone in spite of her *multiple* demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's plea with the goal of annoying and harassing her.

    b.  **Violations of FDCPA § 1692f**

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff, no less than 21 times, in a short period of time after Plaintiff demanded that the calls cease. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

36. As such, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff, Martina A. Medina, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e.  Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

37. Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

39. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

40. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

41. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

42. Defendant violated the TCPA by placing no less than 21 phone calls to Plaintiff's cellular phone between March 2018 and the present day, using an ATDS without her prior consent.

43. Any prior consent, if any, was revoked by Plaintiff's verbal revocations. Specifically, Plaintiff verbally revoked consent to be called in both incoming and outgoing calls, in both English and Spanish.

44. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

6

45. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

46. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

47. Defendant, through its agents, vendors, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

48. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, Martina A. Medina, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

49. Plaintiff restates and realleges paragraphs 1 through 48 as though fully set forth herein.

50. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. §392.001(1).

51. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) and (7).

52. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. §392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a.  **Violations of TDCA § 392.302**

53. The TDCA, pursuant to Tex. Fin. Code Ann. §392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

54. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 21 times after she requested that Defendant cease placing the unwanted and harassing calls. This repeated behavior of systematically calling Plaintiff's phone in spite of her request that the calls cease was harassing and abusive. Furthermore, the nature and volume of phone calls, including multiple calls during the same day, would naturally cause an individual to feel oppressed.

**WHEREFORE**, Plaintiff, Martina A. Medina, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. §392.403(a)(1).

   c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. §392.403(a)(2).

   d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

   e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. §392.403(b);

   f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 21, 2018  Respectfully submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com